# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 26, 2018

157047
157049

NICHOLAS DAVID BURNETT,
        Plaintiff-Appellee,

v

TRACY LYNN AHOLA,
        Defendant-Appellee,
and

DEREK AHOLA,
        Defendant-Appellant.
_____/

NICHOLAS DAVID BURNETT,
        Plaintiff-Appellee,

v

TRACY LYNN AHOLA,
        Defendant-Appellant,
and

DEREK AHOLA,
        Defendant-Appellee.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 157047
COA: 338618
Genesee CC: 14-312262-DP

SC: 157049
COA: 338618
Genesee CC: 14-312262-DP

On order of the Court, the applications for leave to appeal the December 7, 2017 judgment of the Court of Appeals are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE parts B.II. and B.III. of the Court of Appeals judgment and we REMAND this case to that court for further consideration. We express no opinion on the lower courts' waiver analysis; however, given the unusual facts of this case, we believe the lower courts should address the defendants' remaining arguments. Therefore, on remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Genesee Circuit Court for further consideration. The trial court shall: (1) determine whether the defendants should be estopped from arguing that the plaintiff committed intrinsic fraud or fraud on the court during the proceedings under the

Revocation of Paternity Act (ROPA), MCL 722.1431 *et seq*., given the entry into or failure to object to custody and parenting time orders with knowledge that the ROPA judgment was obtained through intrinsic fraud or fraud on the court; (2) conduct an evidentiary hearing to determine whether the plaintiff committed intrinsic fraud or fraud on the court during the ROPA proceedings; and (3) if so, determine to what, if any, remedy the defendants are entitled. At the conclusion of the hearing, the trial court shall forward the record and its findings to the Court of Appeals, which shall then rule on these issues.

On remand, the Genesee Circuit Court and the Court of Appeals are DIRECTED to expedite their consideration and resolution of this case.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 26, 2018



Clerk

d0419t